UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TOM ALLEN MANUEL,

                Plaintiff,

v.                                          Case No. 25-cv-359-pp

JF CARAWAY, *et al.*,

                Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 9) AND DISMISSING CASE**

Plaintiff Tom Allen Manuel filed this lawsuit in March 2025, alleging violations of his constitutional rights. Dkt. No. 1. On July 16, 2025, Magistrate Judge Stephen C. Dries issued a report recommending that this district court dismiss the case without prejudice for the plaintiff's failure to diligently litigate it. Dkt. No. 11. The court has not received from the plaintiff an objection to the order, even though the deadline for him to file such an objection passed on July 30, 2025. This order adopts Judge Dries's recommendation and dismisses the case.

**I.    Legal Standard**

A district judge may designate a magistrate judge to hear and decide pretrial matters. 28 U.S.C. §636(b)(1)(A). If a magistrate judge recommends disposing of a case, the judge must enter that recommended disposition. Fed. R. Civ. P. 72(b)(1). A party had fourteen days to object to that recommendation. Rule 72(b)(2). This district judge must review *de novo* any part of the magistrate

judge's recommendation to which a party has objected; the district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1)(C); Federal Rule of Civil Procedure 72(b)(3).

**II.    Discussion**

On March 10, 2025, the plaintiff filed a prisoner civil rights complaint, dkt. no. 1, along with a motion for leave to proceed without prepaying the filing fee, dkt. no. 2. The complaint listed the plaintiff's address as the Ingham County Jail in Mason, Michigan. Dkt. No. 1 at 1. On May 7, 2025, the court received from the plaintiff a notice that his address had changed to the Newaygo County Jail in White Cloud, Michigan. Dkt. No. 7. On May 8, 2025, the Clerk of Court sent a letter to the plaintiff, advising him that the trust account statement he'd sent the court was not sufficient and that he needed to submit a full report (covering February 10, 2025 through March 10, 2025) within twenty-one days (that is, by May 29, 2025). Dkt. No. 8. The clerk sent that letter to the Newaygo County Jail in White Cloud. Id. That letter was not returned as undeliverable, but the clerk did not receive the required trust account statement.

On June 10, 2025, Judge Dries issued an order requiring that by July 1, 2025, the plaintiff must submit his complete trust account statement for September 2024 through March 2025 or the court would dismiss this case for the plaintiff's failure to diligently litigate it. Dkt. No. 9. The court sent a copy of the order to the plaintiff at the Newaygo County Jail, but on June 23, 2025, it

2

was returned as undeliverable. Dkt. No. 10. A yellow sticker on the envelope says, "Return to Sender, Refused, Unable to Forward," and a handwritten notation says, "Not here" and "RTS." Id. In a March 10, 2025 letter to the plaintiff advising him of the next steps in the case, the clerk's office told the plaintiff that if his mailing address changed while the case was pending, he "must immediately notify the court." Dkt. No. 4. It advised him that if he did not comply with that requirement, the court could dismiss the case without further notice. Id.

On July 16, 2025, Judge Dries issued a report recommending that this district court dismiss the case without prejudice under Civil Local Rule 41(c) (E.D. Wis.) based on the plaintiff's failure to provide his six-month institutional trust account statement and provide an updated address. Dkt. No. 11 at 2; see Civil L.R. 41(c) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice."). The court has not received from the plaintiff an objection to Judge Dries's order recommending that the case be dismissed without prejudice. The plaintiff likely did not receive Judge Dries's recommendation, but the court has no other address for the plaintiff and so has no way to ensure that Judge Dries's order or this order will get to him. The court has reviewed Judge Dries's order and finds that no part of the order is erroneous or contrary to law. The court will adopt Judge Dries's recommendation and dismiss this case.

### III. Conclusion

The court **ADOPTS** Magistrate Judge Dries's report and recommendation. Dkt. No. 11.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for the plaintiff's failure to diligently pursue it. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 12th day of August, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**